**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-CV-00070-HBB**

**MARK ADAMS**　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**

**STATE FARM FIRE & CASUALTY CO.**　　　　　　　　　　　　**DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Fire & Casualty Company's motion for summary judgment, DN 22. Plaintiff Mark Adams has responded at DN 24 and State Farm has replied at DN 25. The parties have consented to the undersigned's exercise of dispositive authority pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (DN 12).

### Nature of the Case

Adams owns a 48-foot 1974 Nautline Islander Houseboat which he moored on Lake Cumberland at the Grider Hill Resort. At some time prior to June 15, 2014 the boat sustained water damage (DN 1-1). Adams held a policy of insurance with State Farm and on September 8, 2014 he submitted a claim for damage to the houseboat (DN 22-1, p. 11). Adams advised State Farm that the water damage was the result of a roof leak.

By letter of September 15, 2014 State Farm notified Adams that there was a potential coverage issue as to whether the damage was caused by a covered event and it reserved its defenses (Id. at p. 11-12). On September 16, 2014 a State Farm representative inspected the boat and found no accidental direct physical loss to the roof but did find water damage to the interior. Based upon

this finding, State Farm advised Adams that there was no coverage for any damage to the roof, but it would pay $3,050 to make certain interior repairs and to haul the boat for repairs (Id. at p. 12). On October 10, 2014 a representative from the marina where the boat was stored advised State Farm that the floor joists were rotted, but the subfloor was only wet and bowed. State Farm notified Adams that rot was excluded under the policy.

Adams submitted repair estimates. State Farm conducted internal estimates and retained a marine surveyor to inspect the boat. Based upon the survey, State Farm calculated the cost of repair for covered damage to be $6,601.46 and the cost to replace mattresses at $273.48. After subtracting Adams' $2,000 deductible, State Farm tendered a check in the amount of $4,874.94 (Id.). Adams never negotiated the check. Adams retained his own marine surveyor and requested that State Farm pay to move the boat to inside storage and pay for rent so that the boat could be dried. State Farm agreed. Adams' marine surveyor submitted a report which State Farm considered consistent with its own surveyor's report. On January 26, 2015, State Farm notified Adams there was no change in the coverage position (Id.).

Adams retained counsel who notified State Farm of his representation on February 17, 2015. On June 12, 2019 Adams filed this action in Clinton Circuit Court. State Farm subsequently removed the action to this Court under diversity jurisdiction.

## State Farm's Motion for Summary Judgment

State Farm contends that Adams' lawsuit is barred by the statute of limitation imposed by the contract of insurance. State Farm acknowledges that, under KRS 413.090(2), a lawsuit predicated on a breach of contract must be brought within 15 years, unless the contract was executed after July 15. 2014, in which case KRS 413.060 sets the limitation at 10 years. In this

2

case, however, State Farm asserts the statutory limitation period is supplanted by a provision in the policy of insurance which states:

> Suit Against Us. No action may be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

(DN 22-1, p. 7 (*quoting* DN 23, Policy of Insurance, Section I – Conditions, ¶ 6)).

State Farm cites Brown v. State Auto., 189 F. Supp. 2d 665, 668 (W.D. Ky. 2001) for the proposition that parties to an insurance contract can shorten the time period in which suit must be brought against an insurer, so long as the limitation is reasonable and not otherwise prohibited by statute. State Farm further cites Webb v. Ky. Farm Bureau Ins. Co., 577 S.W.2d 17 (Ky. App. 1978) and Edmondson v. Pennsylvania Nat. Mut. Cas. Ins. Co., 781 S.W.2d 753 (Ky. 1989) as upholding shortened statutes of limitation in contracts of insurance. Given that Adams did not file this action until approximately four years after he reported the loss, State Farm asserts he is time-barred by the contractual one-year limitation.

Adams' Response

Addressing State Farm's argument that the Court should impose the contractual limitation period rather than the statutory limitation, Adams notes that KRS 304.14-370 allows a contractual limitation in a policy of insurance to be not less than one year. Adams, however, seeks to distinguish Webb, 577 S.W.2d 17 as not involving a "foreign" insurer and therefore not implicating that statute. Having put that aside, Adams argues that Kentucky public policy only favors shortening the limitation period to one that is reasonable, and he contends reducing the period from 15 years to one year is not reasonable. To the contrary, he asserts that the doctrine of good faith and fair dealing, which is incorporated into every contract, weighs against enforcement of the

3

contractual limitation. Further, he notes that State Farm did not provide him any warning of the limitation other than its inclusion in the contract, which he characterizes as one of adhesion.

State Farm's Reply

State Farm's first point of reply is to urge that Adam's Response be rejected as untimely. The motion was filed on July 21, 2020. Under LR 7.1(c) the Response was due within 21 days of service. Adams' Response was not filed until August 24, 2020, well in excess of 21 days. State Farm notes that LR 7.1(c) further provides that failure to file a timely Response may constitute grounds for granting the motion.

Addressing Adams' argument that Kentucky law disfavors shortened times for commencing actions, State Farm asserts that this is precisely what KRS 304.14-370 allows. The statute states that no condition of a contract of insurance shall reduce the statute of limitations for bringing an action against a foreign insurer to a period of less than one year from the time when the cause of action accrues. State Farm cites a number of cases from Kentucky state and federal courts upholding contractual limitations.[1]

As to any argument that it waived its right to enforce the contractual limitation by making payment or not giving express notice of the impending deadline, State Farm points to KRS 304.14-280 which provides that an insurer does not waive any provision of a policy of insurance by investigating or making payments under the policy. State Farm further notes that Edmondson, 781 S.W.2d 753 refutes Adams' waiver argument, holding that, where an insurer expressly reserved its rights to rely on policy conditions, it did not relinquish those rights by making payment. State Farm points to communications with Adams wherein it reserved its rights under the policy.

---

[1] Webb v. Ky. Farm Bureau Ins. Co., 577 S.W.2d 17 (Ky. App. 1978); Edmondson v. Pennsylvania Nat. Mut. Cas. Ins. Co., 781 S.W.2d 753 (Ky. 1989); Smith v. Allstate Ins. Co., 403 F.3d 401 (6th Cir. 2005); Meyers v. AgriLogic Ins. Srvcs., LLC, 694 Fed. Appx. 373 (6th Cir. 2017); Brantley v. Safeco Ins. Co. of Am., No. 1:11-CV-00054, 2012 U.S. Dist. LEXIS 148411 (W.D. Ky. Oct. 16, 2012).

Regarding Adams' equitable arguments under the doctrine of good faith and fair dealing, State Farm asserts that the doctrine does not prevent a party from exercising its contractual rights. Moreover, State Farm contends that it was under no affirmative duty to inform Adams of the existence or impending expiration of the contractual limitation. In an act of full disclosure, State Farm goes further and identifies 806 KAR 12:095 § 6 (4) as potentially implicating a duty to inform an insured of the impending expiration of a contractual limitation, but State Farm notes that the regulation is specifically limited to instances in which an insured is unrepresented. Here, Adams was represented by counsel prior to the expiration of the contractual limitation.

Ruling

Summary Judgment Standard

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (*quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Once the moving party shows there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore

v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

Here there are no disputes regarding the facts of the case. The question turns on application of the law to the facts. When a federal court hears a case based on diversity jurisdiction, the court must apply the state law of the forum state as established by the state's highest court and legislature. Erie R. Co. v. Tompkins, 304 U.S. 64, 77-78, (1938).

Enforcement of the Contractual Limitation Period

The policy of insurance clearly provides that no action may be brought for enforcement of the contract after one year of the date of loss or damage. Adams' complaint states that the damage occurred "at some time prior to June 15, 2014" (DN 1-1, p. 2). Adams' state court action was not filed until June 12, 2019, well in excess of one year after the date of loss or damage. Consequently, the action was contractually time-barred unless there is some reason why the contract provision should not be enforced. The undersigned concludes that there is no such reason.

Adams concedes that State Farm is a foreign insurance company. *See* DN 1-1 at p. 1. KRS 304.14-370 prohibits contractual reduction of the time in which a claimant may bring an action against a foreign insurer to less than one year:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against

> such insurers to a period of less than one (1) year from the time when the cause of action accrues.

KRS 304.14-370.

By establishing a minimum limitation period which can be imposed by a contract of insurance, the statute otherwise authorizes reduction of the limitation period in a policy of insurance. Meyers v. AgriLogic Ins. Servs., LLC, 694 F. App'x 373, 375 (6th Cir. 2017). This Court has discussed the enforceability of limitation periods in contracts of insurance thoroughly in Brantley v. Safeco Ins. Co. of Am., No. 1:11-CV-00054, 2012 U.S. Dist. LEXIS 148411 (W.D. Ky. Oct. 16, 2012). The undersigned could not improve on Judge Russell's analysis:

> In Webb v. Ky. Farm Bureau Ins. Co., the Court of Appeals of Kentucky expressly held that an insurance policy provision that limited the time for filing suit against the insurer to one year after the inception of the insured's loss was enforceable and not against public policy in Kentucky. 577 S.W.2d 17 (Ky. Ct. App. 1978). In Webb, the policy provision at issue read, "No suit or action on this policy for recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of loss." Id. at 18. The insured argued that because Ky. Rev. Stat. § 413.090(2) specifically allows a fifteen-year limitation period for contract-based claims, the insurance policy's one-year limitation conflicted with the general statute of limitations. Id. at 17-18. The Kentucky court disagreed. Relying on a pair of recent decisions by the Nebraska Supreme Court, the appellate court reasoned that because Kentucky has "no statute proscribing contractual shortening of limitation periods" and, further, because Ky. Rev. Stat. § 304.14-370 "allows foreign insurers to limit actions against them to one year," the public policy of Kentucky favors the enforcement of a provision whereby an insurer limits the time for bringing an action against it. Id. at 18. In reaching this conclusion, the Kentucky court cited a litany of Kentucky decisions enforcing the reasonable shortening of the statutory period as consistent with the public interest. Id. at 19 (citing Burlew v. Fidelity & Cas. Co. of N.Y., 276 Ky. 132, 122 S.W.2d 990 (Ky. 1938); Johnson v. Calvert Fire Ins. Co., 298 Ky. 669, 183 S.W.2d 941 (Ky. 1944); Stansbury v. Smith, 424 S.W.2d 571 (Ky. 1968); Robert F. Simmons Constr. Co. v. Am. States Ins. Co., 426 S.W.2d 441 (Ky. 1968)). Since Webb, both Kentucky

7

> courts and the federal courts of the Sixth Circuit that have had the opportunity to apply Kentucky law have consistently upheld the enforceability of insurance policy provisions that limit the time for bringing suit against the insurer to one year after the inception of the loss. E.g., Edmondson v. Penn. Nat'l Mut. Cas. Ins. Co., 781 S.W.2d 753, 756 (Ky. 1989); Robinette v. Venn, 2004 Ky. App. Unpub. LEXIS 632, 2004 WL 1909456, at *2 (Ky. Ct. App. Aug. 27, 2004); Smith v. Allstate Ins. Co., 403 F.3d 401, 404-05 (6th Cir. 2005) (applying Kentucky law); Brown v. State Auto, 189 F. Supp. 2d 665, 668-69 (W.D. Ky. 2001) (applying Kentucky law); Heil v. State Farm Fire & Cas. Co., 2012 U.S. Dist. LEXIS 119605, 2012 WL 3637652, at *3 (W.D. Ky. Aug. 23, 2012) (applying Kentucky law); Edbrook v. Ohio Cas. Ins. Co., 2011 U.S. Dist. LEXIS 140990, 2011 WL 6130917, at *2 (W.D. Ky. Dec. 8, 2011) (applying Kentucky law); Tennant v. Allstate Ins. Co., 2006 U.S. Dist. LEXIS 8439, 2006 WL 319046, at *5 (E.D. Ky. Feb. 10, 2006) (applying Kentucky law).

Brantley, 2012 U.S. Dist. LEXIS 148411 at *8-10.

Adams contends that a statute of limitation may only be shortened to an amount that is "reasonable." KRS 304.14-370 establishes that a contractual limitation may not be less than one year. Consequently, a limitation of a year or more is statutorily permitted. "[A] statutory provision which allows an insurer to limit an action against it certainly indicates that the public policy of Kentucky favors such limitations." Webb, 577 S.W.2d at p. 18. Adams has not cited any cases holding that a limitation period of one year in a policy of insurance is unreasonable.

<u>Obligation to Inform the Insured of the Impending Deadline</u>

Adams has argued that "[d]espite the continued dispute of the amount paid as a result of the loss, State Farm failed to inform Adams of the drastically reduced time in which he was entitled to file a lawsuit" (DN 24, p. 5-6). This failure to inform, he contends, violates the doctrine of good faith and fair dealing.

"An implied covenant of good faith and fair dealing does not prevent a party from exercising its contractual rights." Farmers Bank & Trust Co. v. Willmott Hardwoods, Inc., 171

8

S.W.3d 4, 11 (Ky. 2005). When State Farm tendered payment to Adams, the breakdown of benefits stated, "ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY." (DN 22-1, at p. 23; p. 32). KRS 304.14-280 provides that an insurer does not waive any provision of a policy of insurance by investigating or making payments under the policy.

It is noteworthy that Adams employed counsel to represent him in negotiations prior to the expiration of the contractual limitation period. (*See* DN 22-1, p. 41, letter of representation dated February 16, 2015). Where the insured has engaged an attorney to handle negotiations with the insurance carrier, the carrier does not have to instruct the attorney of the contents of the policy in order to rely upon them. See Edmonson, 781 S.W.2d at 757.

**WHEREFORE**, the motion of Defendant State Farm Fire & Casualty Company for summary judgment, DN 22, is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice as time barred. The Defendant's Counterclaim, DN 3, is **DISMISSED AS MOOT**. This is a final and appealable order. There is no just cause for delay.[2]

August 27, 2020

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:    Counsel of Record

---

[2] Notwithstanding the late filing of Plaintiff's Response, the undersigned has considered it in arriving at the ruling.

9